IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON D. JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-233-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Antwon D. Jenkins has filed various motions in the instant 28 U.S.C. § 2255 habeas action that are currently pending before the Court: Motion for an Evidentiary Hearing (Doc. 31); Renewed Motion for Transcripts and Discovery (Doc. 32); Motion for Status and Copies (Doc. 33); Motion to Supplement Motion for Release pending Habeas Review pursuant to 18 U.S.C. 3143(b) (Doc. 34); Motion to Supplement Medical Records for Motion for Release pending Habeas Review (Doc. 35); Motion to Supplement Emergency Motion for Release pending Habeas Review (Doc. 36); Motion for Release pending Habeas Review per 18 U.S.C. 3143(b) (Doc. 37); Motion to Supplement Exhibit to the pending Habeas Petition (Doc. 38); and a Sealed Motion (Doc. 39).

### Procedural and Factual Background

A jury convicted Jenkins of kidnapping based in part on the testimony of his victim, A.H., that Jenkins assaulted him, poured gasoline on him, threatened him at gunpoint, drove him in a truck from Illinois to Missouri, threatened to execute him by the side of the road, and left him by the side of a Missouri highway. *United States of America v. Antwon D. Jenkins,* 12-cr-30239-DRH (Doc. 244, pp. 57-99) (S.D. Ill. Jul. 28, 2014). Jenkins filed a 28 U.S.C. § 2255 Petition to

challenge his conviction for kidnapping, arguing that his counsel was ineffective and that the facts elicited at trial did not meet the elements of the kidnapping offense (Doc. 1). Specifically, he argues that his counsel was ineffective in failing to object to the Government improperly using information from his proffer agreement to convict him, and that his kidnapping conviction should be vacated because the evidence fails to meet the elements of 18 U.S.C. § 1201(a)(1).

## Pending Motions

### Motion for an Evidentiary Hearing (Doc. 31)

Jenkins' Motion for an Evidentiary Hearing is **DENIED**. Based on its review of the filings, the Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary. *See*, *Cooper v. United States,* 378 F.3d 638, 641-642 (7th Cir. 1987).

### Renewed Motion for Transcripts and Discovery (Doc. 32)

Jenkins' Renewed Motion for Transcripts and Discovery is **DENIED** with respect to his request for further discovery for the same reasons noted in this Court's Order dated June 22, 2021 (Doc. 28). Because Jenkins' habeas claims rest on his contention that Government improperly used his proffer agreement and derivative evidence from his proffer agreement against him and that the evidence elicited at trial was insufficient to satisfy the elements of the federal kidnapping statute, discovery beyond a copy of his proffer agreement is not relevant. *Hubanks v. Frank*, 392 F.3d 926, 933-934 (7th Cir. 2004) (Petitioners must show "good cause" for additional discovery in habeas matters).

Jenkins also requests copies of trial transcripts from his criminal case, including opening statements, closing arguments, and testimony of witnesses. Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce,* 838

F. Supp. 411, 413-414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.,* through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson,* 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Groce,* 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense.

Jenkins has not made the requisite showing – he has not demonstrated that he has exhausted other means of acquiring the documents, such as contacting his former counsel or having friends or family print it out and send it to him in prison. If he wishes to pay for a copy of the requested documents, he will need to send a letter to the Clerk of Court and request the cost of production.

### Motion for Status and Copies (Doc. 33)

Jenkins' Motion for Status and Copies is **GRANTED** insofar as the status of this case is reflected herein. As a one-time courtesy, the Clerk of Court is **DIRECTED** to send Jenkins a copy of the docket sheet in this matter.

### Motion to Supplement Motion for Release Pending Habeas Review (Doc. 34) and Motion for Release pending Habeas Review (Doc. 37)

Jenkins' Motion to Supplement Motion for Release pending Habeas Review pursuant to 18 U.S.C. 3143(b) and Motion for Release pending Habeas Review per 18 U.S.C. 3143(b) seek Jenkins' immediate release from incarceration pending resolution of his habeas petition. He invokes 18 U.S.C. § 3143(b) which does not apply to convicted defendants seeking postconviction relief under 28 U.S.C. § 2255. *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). While

federal district judges have the "inherent power to admit [§ 2255] applicants to bail," this Court declines to do so given the gravity of Jenkins' kidnapping conviction and the threat that he poses to public safety based on the testimony detailed above.

### Motion to Supplement Medical Records for Motion for Release pending Habeas Review (Doc. 35) and Motion to Supplement Emergency Motion for Release pending Habeas Review (Doc. 36)

Jenkins' Motion to Supplement Medical Records for Motion for Release pending Habeas Review and Motion to Supplement Emergency Motion for Release pending Habeas Review are improperly filed in this civil action. In this Court's Order dated March 16, 2021, the Clerk of Court was directed to file Jenkins' Emergency Motion for Compassionate Release (Doc. 13) in his criminal case, *United States v. Jenkins*, Case No. 12-30239. Jenkins' latest motions appear to supplement that earlier motion and address his concerns about the COVID-19 pandemic and his health. If Jenkins wishes to supplement any previous briefings on his request for compassionate release, he must file these motions in his criminal case. The motions are **DENIED**.

### Motion to Supplement Exhibit to the pending Habeas Petition (Doc. 38)

Jenkins' Motion to Supplement Exhibit to the pending Habeas Petition seeks discovery related to alleged police corruption in East St. Louis, which is clearly beyond the scope of his habeas petition. He argues that a "corrupt cop" lead to the investigation of his crime. This allegation would not entitle him to habeas relief and is unavailing in light of trial testimony that a Missouri officer found Jenkins' victim by the side of a Missouri highway. *Bracy*, 520 U.S. at 909. The motion is therefore **DENIED**.

### Sealed Motion (Doc. 39)

Jenkins' requests grand jury transcripts but fails to show that the information is necessary to avoid a greater injustice, as required to overcome their presumptive secrecy, or that there is a

need for disclosure. *U.S. v. Campbell,* 324 F.3d 497, 498-699 (7th Cir. 2003) ("To obtain grand jury material, despite the presumptive secrecy imposed by Fed.R.Crim.P. 6(e), a litigant must show that the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed'"). The motion is therefore **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 6, 2023**

**STACI M. YANDLE**
**United States District Judge**